UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EVERGREEN FARMS & PRODUCE, LLC, and HENDRIX PRODUCE, INC., | § § § § | CIVIL ACTION Case No. 1:15-CV-03171-AT |
| Plaintiffs, | § § | |
| ABL FARMS, INC., and AARON B. LETSINGER, an Individual, | § § § | |
| Defendants. | § § | |

## CONSENT TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AGAINST ABL FARMS, INC. AND AARON B. LETSINGER

Upon review of the Complaint of Plaintiffs' Evergreen Farms & Produce, LLC ("Evergreen") and Hendrix Produce, Inc. ("Hendrix") (Evergreen and Hendrix, collectively "Plaintiffs") on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and appearance of counsel for Plaintiffs, and Defendants and counsel for BMO Harris Bank, William Dorsey, and it appearing to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause,

IT IS HEREBY ORDERED that Defendants ABL Farms, Inc. and Aaron B. Letsinger (collectively referred to herein as "Defendants"), appear in Courtroom

2308 of the U.S. District Court for the Northern District of Georgia, Atlanta Division located at Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309 on October 7, 2015, at 2:00 p.m., or earlier as agreed by the parties with the Court or as soon thereafter as the matter may be heard, then and there to show cause, if any they have, why they, their agents, subsidiaries, successors, assignees, principals, employees, attorneys, and representatives and others acting in concert with them should not be restrained and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

A.     Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable (including frozen) agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B.     Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. § 499e *et seq.*];

2

C.    Taking any other action whatsoever which violates 7 U.S.C. § 499e(c)(1) through (4), inclusive, and 7 U.S.C. § 499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendants, their agents, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. § 499e *et seq.*] trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, and any other accounts subsequently discovered to be standing in any Defendants' names.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

3

B. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

C. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

D. Within 30 days  account to the Court and Plaintiffs for all assets of the PACA trust from commencement of Defendants' business through the date of this Order, with an interim report in 15 days.

E. Immediately deposit produce related receivables into the Court's Registry and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiffs' counsel without charge to the trust.

F. Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours into the Registry of the Court.  Likewise, Defendants shall deliver

any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to the Registry of the Court.

G. Defendants are directed to inform all account debtors of this Order and that the Court is directing that all payments on accounts receivable to Defendants from this date forward be deposited into the Registry of the Court of the U.S. District Court for the Northern District of Georgia, Atlanta Division located at Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309. Any funds deposited into accounts for the Debtor from this date forward are to be deposited into the Court registry within seven days of receipt. All funds deposited shall reference the above styled case. The deposit of funds pursuant to this Order shall not prejudice the rights of any party to claim against such funds.

I.    All creditors claiming debts due from Defendants related to the purchase, transportation and sale of perishable agricultural products or making claims against funds subject to the PACA trust res shall refrain from initiating any collection efforts until this Court has ruled on the Preliminary Injunction contemplated herein.

5

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs and their counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order. Defendants shall, within 14 days by Plaintiffs' counsel, allow inspection and copying of the books and records of said Defendants by Plaintiff or its representatives at Defendants' place of business and make Defendants' representatives available for deposition within the following 7 days.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs shall be entitled to depose, under oath, at reasonable times and places, upon at least 48-hour notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiffs are entitled to inspect under this Order, the trust assets or any of Defendants'

6

business assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiffs before the Temporary Restraining Order is effective.

IT IS FURTHER ORDERED that any party claiming rights under the PACA trust res of Defendants may freely intervene in this case without further leave of the Court.

IT IS FURTHER ORDERED that this Order shall remain in effect until the hearing on Plaintiffs' request for preliminary injunction and Defendants waive any right to object to such an extension of the terms of this Order under Fed. R. Civ. P. 65.

IT IS SO ORDERED, this 11th day of September, 2015.

HON. AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

Consented to by:

EVERGREEN FARMS & PRODUCE, LLC
HENDRIX PRODUCE, INC.


*Craig A. Stokes (w/express permission)*
Craig A. Stokes – SBN 774978*
STOKES LAW OFFICE LLP
3330 Oakwell Court, Suite 225
San Antonio, T 78218
Telephone (210) 804-0011
Facsimile (210) 822-2595
cstokes@stokeslawoffice.com

*With express permission by Howard P. Slomka.

ABL FARMS, INC.
AARON B. LETSINGER

Howard P. Slomka - GA Bar No. 652875
SLOMKA LAW FIRM, PC
1069 Spring Street, NW
Atlanta, GA 30309
(678)732-0001
Howie@SlomkaLawFirm.com